Robert Huttash, State's Atty., Austin, for the State.

## Ex parte Willie DAVIS.

### No. 62090.

Court of Criminal Appeals of Texas, En Banc.

July 18, 1979.

### OPINION

CLINTON, Judge.

This is a post-conviction habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P. Petitioner was convicted of forgery by passing as proscribed by V.T.C.A. Penal Code, § 32.21(a)(1)(B) and (b). He now contends that the indictment charging the offense was fundamentally defective in that it did not allege that the writing purported to be the act of another "who did not authorize that act." We have examined the

indictment. While it sets out the writing in its entirety and otherwise states every other element of the offense, the indictment does, indeed, fail to include the statutory phrase "who did not authorize that act" or to use other words conveying the same meaning or the sense of the statutory words.[1] He relies in part on the original panel opinion in *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.1979).

Today, in *Landry v. State*, 583 S.W.2d 620 (Tex.Cr.App., opinion on appellant's motion for rehearing), the Court reaffirms the holding in *Minix*, just as it did on State's motion for rehearing in *Minix*, itself, April 25, 1979; it also overrules a second motion for rehearing in *Minix*. That an indictment for forgery which fails to allege that the writing purporting to be the act of another "who did not authorize that act" is fundamentally defective is thus settled.[2] Petitioner is entitled to relief.

Accordingly, the writ is granted, the conviction in Cause No. 258,506 is vacated and set aside and the indictment in that cause is dismissed. Therefore, petitioner is released from custody and every manner of restraint in his personal liberty as a consequence of the conviction.[3] The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

DOUGLAS, J., dissents.

---

1. See Article 21.17, V.A.C.C.P.

2. That the writer no longer agrees with the original *Minix* opinion, as explicated in my dissenting opinions in *Minix* on State's motion for rehearing and today in *Landry* on appellant's motion for rehearing, is of no moment. The Court en banc has clearly declared the law and I must and do defer to its judgment.

3. Articles 11.07 and 11.64, V.A.C.C.P.; *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App.1977).