**Edmond GUILLORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0938–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 3, 1982.

Robert Morrow, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before DOYLE, DUGGAN and DYESS, JJ.

## OPINION

PER CURIAM.

Appellant and his brother were tried jointly and convicted of the offense of murder. Appellant's punishment was assessed at 50 years confinement at T.D.C., while his brother was sentenced to 20 years. The appellants were represented by one attorney at trial.

Appellant's counsel has filed a motion asking this court to abate the instant appeal and order an evidentiary hearing by the trial court to determine whether appellant was informed by the attorney about the

possibility of a conflict of interest. Appellant cites *Gonzales v. State,* 605 S.W.2d 278 (Tex.Cr.App.1980), as authority for such action.

In *Gonzales,* the Court of Criminal Appeals reversed and remanded because three defendants, tried jointly and represented by one attorney, were not informed of the possibility of conflict of interest where in fact there was an actual conflict of interest. The Court concluded that such conflict rendered counsel's assistance ineffective.

In order to make this determination, the Court first abated the appeal and ordered the trial court to hold an evidentiary hearing.

The rule stated in *Gonzales* is:

> where ... trial counsel compounds the breach of a legal and professional duty [*] by failing to voice an objection to potentially conflicting interests vis-a-vis his several clients, his unwitting client has not established the constitutional predicate for his claim of ineffective assistance of counsel unless and until he can demonstrate that his counsel has represented actually conflicting interests which in turn adversely affected his lawyer's performance.

*Gonzales,* supra, at 282.

Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) makes it clear that where such a conflict adversely impairs an attorney's trial performance, the accused need not demonstrate "actual prejudice" because harm is presumed.

The Court of Criminal Appeals has held that an actual and significant conflict of interest, of the degree requiring reversal, exists when "one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Ex Parte Alaniz,* 583 S.W.2d 380, 381 at n. 3 (Tex.Cr.App.1979).

---

[*] Disciplinary Rule 5–105 of the Texas Code of Professional Responsibility codifies counsel's duty to refuse employment by clients with conflicting interests unless a full and prompt disclosure is made to them.

In *Gonzales,* the trial court filed findings of fact and conclusions of law after conducting the evidentiary hearing. Although the Court of Criminal Appeals agreed with the trial court's finding that the defendants had not been informed of possible conflicts, it disagreed with the court's conclusion that the attorney's breach of a legal duty did not result in a denial of effective assistance of counsel. The Court concluded that the appellant was entitled to a second trial represented by an attorney "unfettered or restrained by commitments to others." *Porter v. United States,* 298 F.2d 461 (5th Cir. 1962).

In the case at bar, there is no indication in the record whether or not the appellant was informed of the risk of conflict in joint representation, though the trial judge did inquire whether he had been apprised of the possible consequences of being tried in a joint proceeding.

Therefore, the appeal is abated and the trial court is ordered to conduct an evidentiary hearing limited to the issue of what disclosures or warnings, if any, were given to the appellant concerning the risks inherent in having one attorney represent both defendants in a joint trial.

The trial court is further ordered to file findings of fact and conclusions of law in this regard.