**Jacque Maurice DUNN, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. B14–82–257–CR, C14–82–258–CR; A14–82–259–CR and B14–82–260–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1983.

**140**

David Bires, Houston, for appellant.

Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

A jury found appellant guilty of aggravated robbery in Cause No. 347,413 and the trial judge assessed his punishment at twenty-five years confinement. Subsequent to his trial on aggravated robbery, the court considered motions to revoke appellant's probation in Cause Nos. 314,752; 305,815; and 305,662, found the allegations true, revoked probation, and imposed sentences in each of the respective cause numbers. These appeals have been consolidated and in attempting to reverse his convictions, appellant contends he was denied effective assistance of counsel. We affirm.

In his first ground of error, appellant's present counsel asserts trial counsel failed to provide effective assistance in the aggra-vated robbery trial. Appellant catalogues numerous supposed defects his trial counsel made in handling his case, including (1) failure to file pre-trial motions, (2) failure to request that voir dire examination of the jury be "transcribed," (3) failure to request that final arguments be recorded, (4) failure to file a motion to suppress "illegal identification," (5) failure to file a motion-in-limine "requesting the court to instruct the state not to bolster any identification witness with third party testimony," (6) failure to object to certain "inadmissible hearsay testimony," (7) failure to adequately consult with the accused prior to trial, (8) failure "to even prepare two witnesses during the case for the defense and in failing to know what their testimony would be at trial," (9) failure "to provide effective assistance by allowing the prosecutor to assume facts not in evidence and then by lodging an improperly based objection," (10) "allowing the prosecution to improperly bolster unimpeached identification witnesses through the testimony of another witness," and finally, (11) appellant's trial counsel rendered ineffective assistance because he violated Tex.Rev.Civ.Stat.Ann. art. 320a–1 (Vernon Supp.1982–1983), State Bar of Texas, Rules and Code of Professional Responsibility DR5–102(A) in that he should have withdrawn from representation of appellant because he should have realized he may be a witness on appellant's behalf.

From our observation of appellate briefs that have been filed in our court, it appears charges of ineffective assistance of counsel are in vogue. When one contends there has been ineffective assistance of counsel in the trial court, he has a heavy burden to prove it on appeal. It is an easy matter to charge ineffective assistance of counsel when reviewing the cold printed record of a trial by pointing out things which were done that should not have been done or to point out things that should have been done and were not. When this charge is made for the first time on direct appeal from a conviction, this court is asked to speculate as to facts which would sustain an ineffective assistance of counsel charge on a totally inadequate record. Absent extreme circumstances, we

refuse to delve into such speculation. A decision on this question should be reserved for a time when a record can be developed upon which a decision may be judicially made. Yet, we recognize the appellate rules presently permit the charge to be made as appellant presently does, and we will address it.

 The standard for testing the adequacy of the representation afforded to an accused is that there be reasonably effective assistance of counsel. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). Effective assistance of counsel does not mean errorless counsel, nor counsel judged ineffective by hindsight, but it does mean counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App. 1974). The Texas Court of Criminal Appeals has formulated reasonable and flexible rules to guide us in the application of the reasonably effective assistance of counsel standard:

1. The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Ewing v. State*, 549 S.W.2d 392, 395 (Tex.Cr.App. 1977).

2. Assertions of ineffective counsel shall be sustained only if they are affirmatively founded. *Id.*

3. The appellate court will not second guess the strategy adopted by counsel at trial through appellate hindsight. *Id.*

 With these guidelines in mind, our review of the total record, as required by *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr. App.1976), convinces us appellant received effective assistance of counsel. It appears that the specific claims of ineffective assistance of counsel lodged against appellant's trial counsel are specious. While his trial counsel may not have done a perfect job, appellant is not entitled to errorless counsel. *Howell v. State*, 563 S.W.2d 933, 937 (Tex. Cr.App.1978). The record reflects that appellant's trial counsel cross-examined the state witnesses vigorously, made numerous objections (of which many were sustained),

and called several witnesses in support of a two prong defense. Appellant's trial counsel presented an alibi defense which created a difficult fact question for the jury. He also raised the question of appellant being mistaken for his brother. In fact, appellant's trial counsel, an attorney of many years experience, did an admirable job in defending appellant. Thus, from the entire record it is apparent appellant was adequately represented and received effective assistance of counsel. Appellant's first ground of error is overruled.

In his second, third, and fourth ground of errors, appellant claims the trial court abused its discretion in revoking his probation in Cause Nos. 314,752; 305,815 and 305,662 because he received ineffective assistance of counsel. His rational is that the inadequacy of the representation made by his trial counsel in the aggravated robbery trial rendered the evidence adduced at the trial insufficient to satisfy the preponderance of evidence burden required in probation revocation. Since we have held appellant received adequate representation in his trial for aggravated robbery, we find no viability in his second, third, and fourth grounds of error. Appellant's second, third and fourth grounds of error are overruled.

The trial court's judgments are affirmed.