**Irvin LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–140–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 1985.

Ken J. McLean, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty, found him guilty and assessed punishment at confinement for eight years and a fine of $974.64. Issues on this appeal are (1) whether there was compliance with the Speedy Trial Act and (2) whether appellant received ineffective representation by trial counsel.

Since the sufficiency of the evidence is not challenged, there is no reason to summarize the facts of the offense.

In his second ground of error, appellant contends the trial court erred in denying his motion to dismiss "for want of a speedy trial ... when the state's attempted post 120 day announcement of ready did not aver readiness within 120 days." We disagree.

The record discloses that on the day appellant's case was called for trial, February 21, 1983, he filed a short "Motion to Dismiss" alleging that the date of the commencement of the cause of action was March 26, 1982 and that "more than 120 days have passed since the commencement of this action." Appellant's trial counsel submitted no evidence in support of the motion, but merely stated to the court:

> Mr. Smith: Your Honor, if I may attempt to state the facts as I understand them and what the court's file would reflect, Mr. Lewis had been arrested and made bond back in March, 1982. There was an appearance date set I believe for April 12, 1982, at which time Mr. Lewis did not appear. Any calculations for my motion is based upon the time after the re-arrest as opposed to counting any time which he was not appearing before the court. He was re-arrested on October 20th, I believe.
>
> On or about December 1st I believe the docket sheet is going to reflect an announcement of ready by the prosecution. Although that is reflected there was no one present, no witnesses present. I quite frankly would not consider that actually ready for trial, because no one was there for trial except for the defendant.
>
> There have expired over 120 days since October 20th until today, the date that Mr. Lewis is brought to trial; and on that basis under the Speedy Trial Act I would ask the court to dismiss this action.

These statements of counsel, of course, are not evidence, but in light of *Canada v. State*, 660 S.W.2d 528, 530 (Tex.Crim.App. 1983), it appears appellant is entitled to rely upon them since the recitation "had properly placed the event in the record."

Considering the record as a whole, we are able to discern the following events. The charge against appellant was filed on March 24, 1982, and he was arrested. After making bond, appellant failed to appear for his arraignment on April 15, 1982. Appellant's bond was forfeited and he was rearrested on October 20, 1982, according to appellant's counsel. The docket sheet reflects that appellant appeared in court and was arraigned on November 1, 1982. At the arraignment hearing, the case was reset for December 1, 1982 for hearing motions. On December 1, 1982, the docket sheet reflects that appellant's case was reset for February 21, 1983 for jury trial. Although the docket sheet does not disclose that the state announced ready for trial on December 1, 1982, appellant's trial counsel stated that, in fact, the state did announce ready on that date. The first *actual* announcement of ready, as reflected by the record, is when the state responded to ap-

pellant's Motion to Dismiss on February 21, 1983:

> MR. BUCHANAN: The State would respond in that the State has been in contact with several of the witnesses including the witness who would be necessary witnesses at the original trial setting who would include Mr. Bancroft, Mr. Victor, Detectives Mueller, Mavis, Hightower, Sherrie Hale as well as Ed Perkins from the bank who would also if present at this time testify that he was ready and in fact had searched his records to determine that the checking account that the check was drawn on had indeed been closed prior to the date that the check was written.
>
> The State would maintain it has been ready for trial at all times. Any delay has not been intentional delay by the prosecutor. My understanding is also that the defendant in this case, Irvin Lewis, also bond forfeited at one time.

■ Thus it appears that, without regard to what we accept as "the facts", the trial court correctly denied the motion to dismiss. First, if the announcement of the prosecutor on February 21 that "it has been ready for trial at all times" is to be given effect, this announcement must stand absent some contrary showing by appellant. Secondly, even if it becomes necessary to actually compute the number of days during which the state had not announced ready, appellant is in no better position to assert this ground of error. The period from April 15 through October 20 (while appellant was at large on a bond forfeiture) is to be excluded. Likewise, the period between November 1 and December 1 (the resetting agreed to by both sides for appellant to file motions) is to be excluded. On December 1, the trial court set the case for a jury trial on February 21, 1983. This period, likewise, is to be excluded because it matters not whether this resetting was agreed to by the attorneys or it was the first available date the court could set the case for trial. In the first instance, the time would be excluded because it was agreed to by appellant, and in the second

instance, the act does not apply to delays caused by congested court dockets. So, no matter how the computation is made, appellant's rights guaranteed by the Speedy Trial Act were not violated. Appellant's second ground is overruled.

In his first ground, appellant contends he was denied effective assistance at trial "when his counsel failed to investigate and, then, cause to be set aside a prior forgery probation, which was premised upon a fundamentally defective information, thereby causing the application for probation to be withdrawn which adversely affected the sentencing proceeding." As a predicate for discussion of appellant's contention, we refer to the record where the following is found.

■ Present counsel was appointed on March 3, 1983 to represent appellant on appeal following his conviction and notice of appeal on February 25, 1983. No motion for new trial was filed and the record was approved without objection on June 14, 1983. Faced with this approved record, appellant's present and well experienced counsel must have realized he was faced with the problem of a "totally inadequate record," as we pointed out in *Dunn v. State*, 650 S.W.2d 139, 140 (Tex.App.— Houston [14th Dist.] 1983) to sustain a charge of ineffective assistance of counsel. The record only revealed that appellant filed a written election to have the jury assess punishment and a written motion for probation. After appellant testified at the punishment phase of the trial and admitted he had previously been convicted of forgery and had been granted probation, his trial counsel withdrew the motion for probation. This, obviously, would not provide any basis for sustaining a charge of ineffective assistance of counsel.

His energetic and innovative appellate attorney, however, deciding to get additional facts made a part of the appellate record, took the following steps:

1. On July 11, 1983, he filed with this court a pleading entitled "Motion to Extend Time to File Brief" in which he set out the

facts as shown by the record concerning the filing and withdrawal of the application for probation. Additionally, however, the motion alleges that the "prior conviction was bottomed upon a fundamentally defective information" and, that "[a]ppellant ... has a habeas hearing set on August 2, 1982 and intends to supplement the record in this cause with testimony from same." The prayer to the motion was "counsel herein seeks an extension until the 1st day of September, 1983, ... so that counsel may file a Motion to Supplement this record with same. Accordingly, this Court would have a record that speaks the truth". This court denied this motion on July 21, 1983, but did extend the time for appellant to file his brief to August 1, 1983.

2. Four days later, on July 25, appellant filed with this court a pleading entitled "Motion to Abate Appeal," which in addition to containing the allegations of the above-referenced motion, further alleged that the appeal presented "issues relating to whether appellant received effective representation of counsel concerning the withdrawal of the application for probation." The motion further alleged:

[T]he appeal should be abated in the interest of judicial economy. If the evidentiary hearing is not conducted at this point, and the direct appeal is affirmed, appellant would have to file an application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure to develop the issues. Appellant is sure that it has been noted that his counsel is court-appointed on this direct appeal and, of course, the presumption exists that one who is indigent on the appeal would be too poor to retain a habeas attorney. The procedure is available which would allow the issues to be developed at this time.

Finally, appellant's prayer was that "this Court order the appeal abated and order the trial court to conduct an evidentiary hearing on the issues raised herein." Again, this court denied the motion on August 4, 1983, but since a brief had not been filed by the August 1 deadline, this court, sua sponte, abated the appeal and remand-ed the cause to the trial court so that it could see that appellant received effective assistance of counsel on appeal.

3. Thereafter, on August 8, appellant filed a motion for rehearing, pleading, in effect, for the results previously sought. This motion was overruled on August 18, 1983.

4. Thereafter, on September 15, 1983, appellant filed in this court his "Petition for Discretionary Review to the Court of Criminal Appeals of Texas." By such proceeding he sought an abatement of the appeal for the same reason advanced to this court, his prayer being,

[F]or the reasons herein advanced, Appellant prays that this Court accept this Petition, reverse the Court of Appeals, abate the appeal and remand the cause to the trial court for a hearing on the issues raised by Appellant's Motion and Brief.

The court of criminal appeals refused such petition on January 11, 1984.

5. Thereafter, on February 22, 1984, appellant filed in the trial court his "Motion for Evidentiary Hearing" which was almost identical to his motion filed in this court and the court of criminal appeals and concluded with the request "that the trial court conduct an evidentiary hearing to determine whether he received effective assistance of counsel; therefore, making the Record speak the truth." The trial court granted appellant's request; the hearing was held on April 3, 1984. By docket sheet entry, the court ordered the court reporter to transcribe the testimony heard, and the transcript in now a part of the record before this court.

Appellant asserts that we should consider this evidence as support for his contention that he was denied effective assistance of counsel. He argues that since the information alleging the offense of forgery for which he had previously been convicted was fundamentally defective, the failure of his trial counsel "to discover an invalid prior conviction shows that counsel's conduct was deficient and ineffective; and, that this inferior performance prejudiced

appellant from receiving fair consideration from the jury on the issue of penalty." On the other hand, the state challenges our consideration of this evidence developed at the hearing because this court had previously denied permission to supplement the record and the court of criminal appeals had refused review.

As authority for this court and the court of criminal appeals to abate the appeal and order the trial court to conduct the evidentiary hearing requested, appellant relied upon *Guillory v. State*, 638 S.W.2d 73 (Tex.App.—Houston [1st Dist.] 1982). We did not then, nor do we now, consider such case as authority for the appellate court to abate the appeal and order the trial court to conduct a hearing on an issue that *was never brought to the attention of the trial court*. That is a proper subject for post conviction habeas corpus.

█ Without so stating, appellant apparently relies upon Tex.Crim.Proc.Code Ann. art. 40.09 (Vernon 1981), for the authority of the trial court to supplement the record so that "the record [ (sic) will] speak the truth." We are not called upon by the facts before us in this case to determine when, after notice of appeal has been given, the trial court can, if ever, order a supplementation of the record. The narrow issue before us is the authority of the trial court to conduct a hearing and supplement the appellate record with a transcript of that hearing *when the appellate court has already denied such a hearing.*

This court has previously held that the trial court does not have the authority to do so. *Smith v. State*, 681 S.W.2d 71 (Tex. App.—Houston [14th Dist.], 1983, pet. granted). Nor does the fact that the hearing was held after we had ordered the appeal abated alter the rule. The appeal was abated on order of this court so that the trial court could assure appellant received effective assistance of counsel on appeal. As stated earlier, the issue of effective representation before the trial court was never raised in the trial court and it, therefore, had no authority to cause the record "to speak the truth" about a matter that was not a part of the record. We refuse to permit the record to be supplemented in the manner sought by resourceful counsel, for to do so would open Pandora's Box. Appellant is not *denied* the right to properly assert his claim; he is merely required to follow established procedure and assert it in a post-conviction proceeding.

█ Having refused to consider the evidence heard by the trial court on appellant's motion to supplement the record, there is no evidence to support appellant's claim of ineffective assistance of counsel, and the ground is overruled.

The judgment is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the panel, I would like to record my respectful dissent.

The evidence of appellant's guilt is overwhelming. At trial Sherry Hale, an employee of O'Brien's Food Market, identified a picture that showed the check which she cashed and the person who represented himself as Robert Morgan, the check's payee. This photograph was taken by Sherry Hale when she cashed the check. It was a split image picture of the check and appellant's face. Appellant handed her the check and a Department of Public Safety identification card which contained his photograph, but listed his name as Robert Morgan. Mrs. Hale wrote the identification card number on the back of the check before cashing it. Constable John Victor, who had known appellant for thirty (30) to thirty five (35) years, testified that he was shown the picture taken at the O'Brien Market and he identified appellant as the man who was allegedly Robert Morgan. M.A. Mueller, a Baytown police detective, recalled that Constable Victor identified a picture of a man who passed the forged check at O'Brien's and a picture from the Department of Public Safety as that of appellant. When Mueller arrested appellant, over a year later, the detective found on appellant's person a driver's license is-

sued to Marc Allen Duncan of Houston with a picture of appellant. The president of Casual, Inc., the drawer of the check, testified that no one, other than himself, had authority to sign a check on the company's account and that he did not authorize Paula J. Beasley, who signed for the company, or Robert Morgan to pass the check.

Appellant testified on his own behalf. He admitted that he had driver's licenses in the names of Irvin Lewis, Marc Allen Duncan, and Freddie Brown. He denied signing or presenting the forged check.

Before trial, appellant filed his application for probation, swearing that he had never before been convicted of a felony. However, during the punishment hearing appellant testified that he had been granted probation for a forgery conviction in 1977. After the testimony at the punishment stage of the trial, appellant's trial attorney asked permission of the court to withdraw appellant's application for probation. Appellant was permitted to withdraw his application for probation.

The trial court appointed a different attorney to represent appellant on appeal. On June 14, 1983, the record was approved by the trial court and on June 21, 1983, it was received and filed with this Court. On July 11, 1983, appellant filed his "Motion to Extend Time to File Brief". In his motion, appellant asked for an extension of 50 days in which to file his brief so that the record, in the interim, could be supplemented by testimony from a hearing scheduled in the trial court on August 2, 1983, on his application for a writ of habeas corpus. On July 21, 1983, this Court denied appellant's motion to extend time to supplement the record and instructed appellant to file his brief by August 1, 1983.

On July 25, 1983, appellant's counsel filed a motion to abate the appeal to allow an evidentiary hearing to be conducted on the issue of the effectiveness of appellant's trial counsel. On August 4, 1983, this Court denied appellant's request to abate the appeal. Instead, this Court issued a per curiam opinion in which it abated the appeal *on its own motion* to allow the trial court to take remedial action to assure that a brief is filed in behalf of appellant who is indigent. On August 6, 1983, appellant filed a motion for rehearing on the denial of his motion for abatement to conduct an evidentiary hearing. On August 18, 1983, this Court overruled appellant's motion for rehearing.

On September 15, 1983, appellant filed a Petition for Discretionary Review to the Court of Criminal Appeals in which he complained that this Court had erred in denying his motion to abate the appeal for an evidentiary hearing to determine whether his trial counsel had provided effective assistance. On January 11, 1984, appellant's petition for discretionary review was refused by the Court of Criminal Appeals. On February 22, 1984, appellant filed a Motion for an Evidentiary Hearing in the trial court in which he again requested a hearing to determine whether appellant received effective assistance of counsel at trial. The trial court granted the appellant's request and the evidentiary hearing was conducted on April 3, 1984. Thereafter, the supplemental record was completed and finally approved by the trial court on May 18, 1984. This supplemental record was filed with this court on May 21, 1984.

Appellant's first ground of error alleges that appellant was denied effective assistance of counsel because his trial attorney failed to have set aside a prior forgery probation conviction which caused appellant's probation application to be withdrawn. Appellant alleges that his prior probation was premised upon a fundamentally defective information.

The State in its brief requests us to disallow the supplementation of the record. The record was supplemented, though we denied such a request, during a period of abatement due to appellant's counsel failure to file a brief. The State argues that if we accept the supplementation, our approval of counsel's actions would throw the entire appellate process into disorder.

I do not think it is a matter of approving counsel's actions. Rather, it is a question

of whether the trial court had power to conduct the evidentiary hearing after the appellate process had started and then abated, when we had denied a request for such a hearing. I believe that the trial court did have the power to conduct the evidentiary hearing. The trial judge may, under TEX.CODE CRIM.PRO.ANN. art. 40.09(7) (Vernon Supp.1984), conduct a hearing to make the record speak the truth where the record is incorrect as to what transpired at trial or where the record is silent as to the truth of what occurred at trial. *Schroeder v. State*, 543 S.W.2d 382 (Tex. Crim.App.1976). Article 40.09(7) provides in part:

> ... If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the court of appeals or the Court of Criminal Appeals, the defendant and the state shall be notified by certified or registered mail of same and be given five days from receipt of notice for objections to such modification or supplementation.

In fact, once a case is abated, it is abated for all purposes. "After receipt of the appellate court's mandate of abatement, the trial court still has control over the case until the supplemental record again reaches the appellate court." *Duncan v. Evans*, 653 S.W.2d 38, 40 (Tex.Crim.App. 1983), quoting 26 Tex.Jur., Criminal Law, Section 4195, page 533.

In many cases, the Court of Criminal Appeals said the abatement should be treated as if no appeal had been filed in the appellate court: *Williams v. State*, 458 S.W.2d 932 (Tex.Crim.App.1970) (where no transcription of court reporter's notes nor appellate brief in the record and abatement was for trial court proceedings as if appeal had not been filed, which may include providing the appellant with effective aid of counsel on appeal); *Weeks v. State*, 459 S.W.2d 639 (Tex.Crim.App.1970) (where there was in the record no transcription of

reporter's notes and no appellate brief had been filed on behalf of defendant, appeal abated for trial court proceedings as if appeal had not been filed to determine whether appellant was indigent and whether trial counsel should be allowed to withdraw); *Akin v. State*, 464 S.W.2d 652 (Tex. Crim.App.1971) (where no transcription of the court reporter's notes and no appellate brief in the record and appeal was abated for trial court proceedings as if the appeal had not been filed). Judge Patricia Lykos was acting within her power when she held the evidentiary hearing. Appellant's appellate attorney stated on the record that the purpose of the hearing was to "determine or make the record ... speak the truth." I would accept the supplementation of the record.

Since I would accept the supplemented record, I will now determine if appellant was denied effective assistance of counsel. The Supreme Court in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two prong test to determine if counsel's assistance was so defective as to require reversal of a conviction. The court requires that:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

After a review of the totality of representation, I find that appellant has demonstrated that he was denied effective assistance of counsel. Appellant has met the

first prong of the test by showing that his attorney's performance was deficient. Appellant asserts that his prior conviction was based upon a fundamentally defective information. The allegedly defective information, which appears in the supplemental transcript, reads in pertinent part:

> "... and with the intent to defraud and harm, forge the writing duplicated below by passing it (knowing it was forged) to BEATRICE MORENA...."

The Court of Criminal Appeals has held that a forgery indictment which fails to allege that the writing purported to be the act of another "who did not authorize that act" rendered the indictment fundamentally defective. *Minix v. State*, 579 S.W.2d 466, 467 (Tex.Crim.App.1979); *Ex Parte Davis*, 583 S.W.2d 794, 795 (Tex.Crim.App. 1979). Under *Minix* and *Ex Parte Davis*, the information was clearly defective. Appellant's trial attorney should have filed a post conviction application for writ of habeas corpus to have the prior felony probation conviction set aside and declared void. *Ex Parte Ormsby*, 676 S.W.2d 130 (Tex. Crim.App.1984). Instead, he failed to investigate whether appellant's prior felony conviction was a valid conviction. If he had investigated the prior conviction, he would have discovered that the conviction could be set aside and declared void because it was based on defective information.

As for the second part of the *Strickland* test, I find that the attorney's deficient performance prejudiced appellant's defense and deprived him of a fair trial, one with reliable results. If the prior probation conviction had been set aside, the jury would never have known of the previous conviction. Appellant could have maintained his application for probation and the jury could have considered his application for probation. Clearly, appellant was denied effective assistance of counsel.

I feel that this case should be reversed because the appellant was denied a fair trial.