**McKinley Dale THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–82–584CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 2, 1985.

**5.** *See Tatum v. State,* 534 S.W.2d 678 (Tex.Crim. App.1976); *Thompson v. State,* 495 S.W.2d 221 (Tex.Crim.App.1973).

William A. Nowlin, Charles F. Baird, Houston, for appellant.

John B. Holmes, Dist. Atty., William J. Delmore, III, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of burglary of a building with intent to commit theft and, after finding an enhancement paragraph true, sentenced him to the maximum term of 99 years in the Texas Department of Corrections and imposed a $10,000 fine.

This court affirmed the judgment of the trial court on May 5, 1983, because retained counsel had failed to file a brief. In answer to a post-conviction application for writ of habeas corpus, the Court of Criminal Appeals ordered that the appellant be granted an out-of-time appeal because of

ineffective assistance of counsel on appeal, but declined to address whether appellant received ineffective assistance of counsel at trial.

Appellant's counsel on appeal brings forty-three grounds of error that can be grouped in three categories: (1) improper jury argument at both the guilt-innocence and punishment stages of trial, (2) prosecutorial misconduct and (3) ineffective assistance of counsel.

A summary of the testimony at trial will help put the grounds of error in context. Two Houston police officers responded to a silent alarm at a Houston convenience store shortly after 4:00 a.m. February 5, 1982. They observed two men inside the well lit store. When the men observed the officers, they ran out the back door. One got away. The officers chased appellant through an empty lot or field behind the store and apprehended him at a nearby apartment complex. Both officers positively identified appellant as the man they saw in the store and chased down. Appellant testified that he was walking past the scene of the burglary and observed two men with covered faces "packing something out of the back of the store." Appellant walked on when suddenly a car came around the corner toward him. He began to run but stopped when a police officer identified himself and ordered him to stop. He told the officers he was not involved in the burglary.

Later, in re-direct and cross-examination appellant testified that he had been beaten by the arresting officers and hospitalized. The state put into evidence the hospital records to refute the claims that appellant had been injured by police.

During the first cross-examination the prosecutor brought out that appellant had within the previous ten years been convicted of larceny, aggravated assault on a police officer, felony burglary of a building, attempted burglary of a habitation, and possession of stolen United States mail.

It also came to light during the trial that appellant had been charged with possession of property stolen in a burglary of Kipperman's Pawn Shop (Kipperman burglary). This information was originally introduced by the defendant in the form of a newspaper article including a picture of appellant. The article described the burglary, the efforts of the complainant to find the perpetrators and the fact that appellant had been arrested in connection with the burglary. Then the article quoted a letter by appellant. After the defense offered the article and picture the state, in re-cross examination, had appellant read the entire article to the jury without objection.

Another fact initially brought forward by the appellant himself was that the prosecutor had offered him a plea bargain of two years' confinement on the charge if appellant would plead guilty.

In grounds of error one through thirteen, appellant asserts that the prosecutor in several instances made improper jury argument at the punishment phase of the trial. Defense counsel made no objection to any part of the argument at trial, so the question before us is this: assuming that most of the argument complained of was improper, was it so prejudicial that an instruction to disregard would not have cured the harm? *Romo v. State,* 631 S.W.2d 504, 505 (Tex.Crim.App.1982).

The most egregiously improper argument complained of is quoted here. The portions listed in specific grounds of error are emphasized.

The only thing that he could bring before you to ask for a light sentence is a side bar comment he threw in about offering him two years to plead guilty, which he had (sic) accepted. And why would I offer someone like this two years to plead guilty? Why? Because he *has been nothing but a constant pain to me since I've been in this court. I have never disliked a defendant as much as I hate McKinley Dale Thomas. You do not know why, but I hate him; and there is more to it than what you've seen today, believe me.*

And that's why he *was offered two years, just to get him out of here. I*

*just wanted to get him out of here; and I would take any grief from the District Attorney, John Holmes, or by my Chief Prosecutor, R.K. Hansen, for giving him two years. I would take that grief from them and answer to them, the reason I gave him such a light sentence is because he has driven me nuts.*

The state concedes other portions of the argument were improper, including: "McKinley Thomas is one of the creepiest people I've ever met." "He wasted my time; he's wasted your time." "I hate him." "He's useless." At another point the prosecutor went outside the record when he told the jury he made an extra effort to obtain the medical records because if the appellant had been beaten, he would have prosecuted the officers involved.

■ These arguments are clearly improper. The prosecutor should not have gone outside the record and testified to the jury about his plea bargain decision and efforts to obtain medical records. *Cannon v. State,* 668 S.W.2d 401 (Tex.Crim.App. 1984), *Mathews v. State,* 635 S.W.2d 532 (Tex.Crim.App.1982), *Duffy v. State,* 567 S.W.2d 197 (Tex.Crim.App.) (en banc), *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978). He should not have injected his personal opinion as to appellant's character. *Villalobos v. State,* 568 S.W.2d 134 (Tex.Crim.App.1978). He should not have inferred that he had information not available to the jury. *Stearn v. State,* 487 S.W.2d 734 (Tex.Crim.App.1972).

We do not condone the prosecutor's conduct. But we cannot say that had the defense counsel objected and obtained an instruction to disregard the harm would not have been cured. In all likelihood, just one objection at the beginning of the prosecutor's explanation of his plea bargain offer would have cut him off and cooled his zeal. Grounds of error one through thirteen are overruled.

■ The appellant next complains of five instances of allegedly improper argument by the trial prosecutor at the guilt-innocence stage of the trial. Again, no objec-

tions were made at trial and any error was waived. Grounds of error fourteen through nineteen are overruled.

■ In ground of error twenty appellant complains of five instances in which the prosecutor allegedly injected unsworn facts as he questioned appellant during cross-examination. Appellant states that all five instances are brought to this court's attention in one ground of error "because it is the cumulative effect of such unbridled improper questioning which ... denied him due process of law." The questioning was unbridled only because appellant's counsel failed to object to the form of the questions. "It is axiomatic that error related to the examination of witnesses or to the admission of evidence is not preserved for appellate review absent a timely objection at trial." *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App.1978). Ground of error twenty is overruled.

Appellant again complains of prosecutorial misconduct in ground of error twenty-one. Prior to trial, the court granted a motion to suppress. It is not clear from the record which written motion was being granted. Defense counsel at the hearing called it "a motion on the suppression of any statements that he may have made during the arrest procedure because he was not advised of his rights, and anything the Defendant may have said is not admissible at this time."

■ Appellant contends that the prosecutor acted improperly in contravening an express order of the court. The appellant had testified on direct examination to his version of his arrest and stated that he had told the officers he was not involved in the burglary. On cross-examination the prosecutor asked: "Isn't it true that after you were arrested you told Officer Salazar that you were a security guard and you were patrolling the area?" After defense counsel made his objection appellant answered the question in the negative. The court sustained the objection and instructed the jury to disregard the question. No motion for mistrial is in the record. If error did

occur the instruction to disregard cured any harm and appellant received all the relief requested.

 We also hold that the question was proper. Oral in-custody statements of an accused are admissible for impeachment purposes. The statement originally suppressed had a bearing on his credibility and was admissible once appellant took the stand and gave his version of the arrest. *Girndt v. State*, 623 S.W.2d 930, 932 (Tex. Crim.App.1981); Tex.Code Crim.Proc.Ann. art. 38.22, § 5 (Vernon 1979). Ground of error twenty-one is overruled.

The last twenty-two grounds of error deal with asserted ineffective assistance of counsel in failing to object to various questions, sidebar remarks, and closing arguments made by the prosecutor. Most of the complained-of actions were raised in grounds of error one through twenty-one. This court will not speculate on whether the defense counsel's inaction at certain stages of the trial were part of a conscious trial strategy. *Dunn v. State*, 650 S.W.2d 139, 140–41 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Upon this record we cannot hold that counsel was deficient to the point that he was not functioning as counsel guaranteed to defendants under the Sixth Amendment. Neither can we hold that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record shows that appellant was an unruly, belligerent witness, particularly during cross-examination. The jury was aware of his extensive record of previous convictions and heard several police officers positively contradict appellant's testimony. The fact that he received the maximum sentence cannot be attributed to ineffective assistance of counsel. Grounds of error twenty-two through forty-three are overruled.

Appellant has submitted three pro se briefs raising additional grounds of error and reasserting ineffective assistance of counsel. Appellant has no right to hybrid representation. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim.App.1981), *La Bome v. State*, 624 S.W.2d 771 (Tex.App.—Houston [14th Dist.] 1981, no pet.). However, in the interest of justice we have considered appellant's pro se briefs and find that they present no error. Appellant's pro se arguments concerning ineffective assistance of counsel relate to evidence supposedly revealed during the hearing on the post-conviction habeas corpus proceeding. No record of that proceeding has been brought before us. Without such a record we cannot sustain appellant's pro se grounds.

The conviction is affirmed.