Irvin LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 250–85.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1986.

Ken J. McLean (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & J. Harvey Hudson & Jim Buchanan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

▬▬▬▬▬▬▬▬▬▬

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

After a jury trial, appellant was convicted of the third degree felony of forgery. V.T.C.A., Penal Code Sec. 32.21(d). The jury assessed his punishment at eight years' confinement and a $974.64 fine. On the date he was convicted, February 25, 1983, appellant gave notice of appeal.

We granted appellant's petition on two grounds for review: whether the Court of Appeals erred by holding that the trial court had no authority to hold an evidentiary hearing after abatement of an appeal; and whether the Court of Appeals erred by failing to reach the issue of the effective assistance of appellant's counsel at trial.

Because of the nature of these grounds for review, it is necessary for this Court to review the events that occurred after appellant was convicted.

Present counsel, not the trial counsel, was appointed on March 3, 1983, to represent appellant on appeal. Appellant did not file a motion for new trial. On June 14, 1983, the trial court ruled that the record had been approved without objection. After the record was transmitted to the Court of Appeals, appellant's counsel on appeal realized it was inadequate to sustain the charge of ineffective assistance of trial counsel which he wanted to raise on appeal.

In order to correct this inadequacy, appellate counsel took several steps.

On July 11, 1983, appellant filed a motion to extend the time to file a brief with the Fourteenth Court of Appeals in Harris County. In that motion, appellant requested an extension until September 1, 1983, in order to develop evidence to supplement the trial record at a habeas hearing which the trial court set for August 2, 1983. Appellant claimed he would show that his prior conviction was based on a fatally defective indictment.[1] On July 21, 1983, the Court of Appeals denied appellant's motion, but extended the time for him to file his appeal brief to August 1, 1983.

On July 25, 1983, appellant filed a motion to abate his appeal. In that motion, he prayed that the Court of Appeals abate the appeal and order the trial court to conduct an evidentiary hearing to supplement the trial record. On August 4, 1983, the Court of Appeals denied appellant's motion.

However, on that same day, the Court of Appeals abated the appellant's appeal because no appellate brief had been filed. The Court of Appeals remanded the case to the trial court "so that it could see that appellant received effective assistance of counsel on appeal." *Lewis v. State*, 686 S.W.2d 243 (Tex.App.—Houston [14th] 1985).

On August 8, 1983, after his appeal had been abated, appellant filed a motion for rehearing before the Court of Appeals. In this motion, appellant requested that his appeal be abated so that an evidentiary hearing could be held to develop the issue that trial counsel rendered ineffective assistance. That court overruled the motion on August 18, 1983. On September 15, 1983, the appellant filed a petition for discretionary review, with this Court, seeking an abatement of his appeal in order for the

---

1. Before trial, appellant filed an application for probation, in which he swore that he had never before been convicted of a felony. However, during the punishment phase of his trial, appellant took the stand to testify on his own behalf. While on the stand, appellant testified that in 1977 he was granted probation for a conviction for forgery. After testimony at the punishment

stage of the trial was concluded, appellant's trial counsel asked the court's permission to withdraw the appellant's application for probation. The trial court granted this request. These actions by trial counsel form the basis for the appellant's assertion that he was ineffectively represented at trial.

trial court to conduct a hearing on the issues raised in his motion for rehearing. On January 11, 1984, this Court refused the appellant's petition.

At this point in time, the Court of Appeals' order on August 4, 1983, which abated the appeal of appellant, was still in effect. The record of appellant's trial was in the trial court where it had been returned, pursuant to the mandate of abatement. On February 22, 1984, the appellant filed in the trial court a motion for an evidentiary hearing to determine whether he received effective assistance of counsel at trial. The trial court granted the request, and held a hearing on the motion on April 3, 1984.

The record, including the transcript and evidence from the April 3, 1984 hearing, was then approved and sent to the Court of Appeals. In his brief, appellant urged the Court of Appeals to consider all of the evidence, including that from the April 3, 1984, hearing, in deciding the merits of his appeal.

The Court of Appeals refused to consider the evidence heard by the trial court on the appellant's motion for an evidentiary hearing. The Court of Appeals also ruled that, because there was no evidence to support the appellant's claim that his trial counsel rendered him ineffective assistance, the appellant's ground of error, that he suffered from ineffective assistance of counsel, was overruled. *Lewis*, supra.

From this ruling, appellant petitioned this Court to consider his two grounds for review. We disagree with appellant and affirm the decision of the Court of Appeals.

On the first ground, the Court of Appeals decided that the issue before them in the instant case was "the authority of the

trial court to conduct a hearing and supplement the appellate record with a transcript" of a hearing after the appellate court denied that hearing to the appellant. *Lewis*, supra. The trial court "had no authority to cause the record 'to speak the truth' about a matter that was not a part of the record. We refuse to permit the record to be supplemented in the manner sought by resourceful counsel," *Lewis*, supra, at 247.

■ In *Duncan v. Evans*, 653 S.W.2d 38 (Tex.Cr.App.1983), this Court decided that when an appeal is abated by a Court of Appeals, "jurisdiction may be properly returned to the trial court." After the trial court receives the Court of Appeals' mandate of abatement, the trial court has control over the case until the supplemental record reaches the Court of Appeals.

■ Once the Court of Appeals abated the appellant's appeal, the trial court had jurisdiction: to conduct a proceeding to make a supplemental record to cure a defect in complying with a germane requirement of Art. 40.09, V.A.C.C.P.; to remedy a deficiency in the appellate record; or to insure that the appellant is provided effective assistance by appellate counsel. *Duncan*, supra.

■ The dissenting opinion in *Lewis*, supra, stated that once an appeal is abated, "it is abated for all purposes," *Lewis*, supra, at 249. This is not the correct interpretation of Art. 40.09(7), V.A.C.C.P.[2] A trial court is not authorized to conduct an evidentiary hearing to develop a record of *new testimony* and *other evidence* that was not presented at trial, or developed on motion for new trial.[3]

---

**2.** Article 40.09(7) reads, in pertinent part:
"... if the trial court deems that a supplemental record or any other modification of the record be necessary to *make the record speak the truth,* for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the court of appeals or the Court of Criminal Appeals" ... (emphasis added)

**3.** Compare Art. 40.09(7), supra, with Rule 55 of the new Texas Rules of Appellate Procedure (effective Sept. 1, 1986). Where the language of 40.09(7) is broad and somewhat vague regarding the authority of a trial court after an appeal is abated, Rule 55 specifically sets out the limits of a trial court's authority to amend the record on appeal.

■ In the instant case, the trial court exceeded her authority under the mandate of abatement. The appellant failed to present evidence at trial, or in a motion for new trial, that he was rendered ineffective assistance by trial counsel. Appellant was not entitled to an evidentiary hearing to develop such evidence after his appeal was abated.

We disagree with appellant's first ground for review. The Court of Appeals did not err when it held that the trial court had no authority to hold the evidentiary hearing in the instant case. That action represented a legitimate restriction on the jurisdiction of a trial court after the abatement of the appeal. The first ground of review is overruled.

■ Concerning the second ground for review, the Court of Appeals correctly refused to consider the evidence presented by appellant at his post-abatement evidentiary hearing. That evidence was not presented at trial, or in a motion for new trial. It was made a part of the appellate record, for the first time, at the evidentiary hearing. Therefore, there was no evidence to support appellant's claim of ineffective assistance by trial counsel. The Court of Appeals correctly failed to reach that issue. The second ground of review is overruled.

We affirm the decision of the Court of Appeals.

CLINTON, J., concurs in the result.

ONION, Presiding Judge, concurring.

The abatement was for a limited purpose. That purpose should have been accomplished and the record returned to the Court of Appeals. The trial court turned aside from the purpose of the abatement and held an evidentiary hearing at the request of appellant and forwarded the record of that hearing to the Court of Appeals. It does not appear that the purpose of the abatement was ever accomplished. The trial court acted beyond its authority under the circumstances. I concur.

TEAGUE, J., joins.