**Daniel Perry COOKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–86–803–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 30, 1987.

Kenneth W. Brauer, Houston, for appellant.

John B. Holmes, Dist. Atty., Roe Morris, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

A jury found appellant guilty of burglary of a habitation with intent to commit sexual assault and assessed punishment at seventy-five years confinement in the Texas Department of Corrections. We reverse and remand.

Complainant was sexually assaulted at approximately 1:00 a.m., by a man who had entered her apartment through a second floor patio door. After three hours, complainant convinced her attacker, whom she had seen at the apartment pool, that they were friends and agreed to meet him the next day. Appellant left the apartment and complainant called her parents who called the sheriff's department. The deputies arrived and received a description of the assailant and the apartment number that he had given complainant.

The deputies went to appellant's apartment without obtaining a search warrant and knocked on the door. Appellant answered the door, turned around and walked back into his apartment. The officers entered the apartment, arrested appellant and

took him to complainant who identified him as her attacker.

Appellant's first point of error is that he received ineffective assistance of counsel in that his attorney did not move to suppress the out-of-court identification and failed to object to the arresting officer's testimony bolstering complainant's out-of-court identification of the appellant.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) the Supreme Court devised a two part test for use in analysis of claims of ineffective assistance of counsel. First, the appellant must show that the attorney's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. In making this finding, the reviewing court is to make a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the trial counsel's challenged action constitutes sound trial strategy. *Id.* 104 S.Ct. at 2065–66. The individual States have great latitude in defining what constitutes reasonable professional assistance. *See Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 994, 89 L.Ed.2d 123 (1986). Reasonable representation in Texas must be determined by the totality of the representation afforded the accused rather than by isolated acts or omission of trial counsel. *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim.App.1986). This totality review is necessary to distinguish sound trial strategy from deficient representation. *See Thomas v. State,* 693 S.W.2d 7 (Tex.App.—Houston [14th Dist.] 1985, pet ref'd). Second, an appellant must demonstrate that the deficient performance has so prejudiced his defense that he was deprived of a fair trial. He must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 104 S.Ct. at 2064–65.

Reviewing the totality of the representation afforded the appellant, it is apparent that appellant's counsel was deficient. Appellant's counsel should have moved to suppress the complainant's out-of-court identi-

fication of the appellant. The identification was the fruit of the appellant's unlawful warrantless arrest and should not have been admitted into evidence. Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon 1966).

*West v. State,* 720 S.W.2d 511 (Tex.Crim. App.1986), cited by the State is distinguishable. In that case the investigating officers received a tip that a suspect was in a room in the same apartment motel in which murder had been committed. However, the information they had was insufficient for a search warrant to issue. The investigating officers knocked on the door of the room. When appellant's companion answered the door, the officers observed appellant in the room. The officers asked appellant to step into the hall. The appellant complied and was taken to be identified by witnesses.

■ One of the important factors in considering a warrantless arrest is the availability of reasonable alternative conduct. In the instant case, the officers had very specific information, sufficient to support a search warrant, that the suspect was in a certain apartment. Instead of waiting to procure a search warrant while watching the apartment to make sure appellant did not flee, the officers knocked on the door of the apartment. Whether the officers asked appellant to step outside of his home is unclear from the record. What is clear is that the officers rushed into appellant's home without a warrant and seized appellant. A warrantless arrest inside a person's home is per se unreasonable. *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The rationale behind the exclusion of evidence obtained in violation of the law is the deterrence of this kind of improper police behavior. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684m, 6 L.Ed.2d 1081 (1961).

■ If the officer had believed that the offender was about to flee, he could have made the arrest pursuant to article 14.04 of the Texas Code of Criminal Procedure. The prosecution made no showing of such exigent circumstances. The out-of-court identification made when appellant was shown to complainant was the fruit of an

**930**

illegal arrest. *Hill v. State,* 692 S.W.2d 716 (Tex.Crim.App.1985). Appellant's entire strategy at trial was mistaken identity. Not to not move to suppress the tainted out-of-court identification or to fail to object to the deputy's bolstering testimony could serve no sound purpose in appellant's defense strategy. Competent counsel would have made those motions and objections.

The second prong of the *Strickland* test is addressed by the Court of Criminal Appeals in *Hill v. State, supra.* In that case the appellant was arrested without a warrant or exigent circumstances for the purpose of a line-up. The complainant identified the appellant and this out-of-court identification was admitted at trial. The court stated that:

> We cannot agree with the Court of Appeals that the admission of the [out-of-court] identification was harmless error beyond a reasonable doubt.... We cannot say that the admission of the [out-of-court] identification added nothing that was calculated to cause the jury to return a different verdict than they would have returned if it had not been admitted.

*Hill v. State,* 692 S.W.2d at 723.

■ This case is indistinguishable. Appellant was arrested without a warrant and without the existence of exigent circumstances for the purpose of a one-on-one identification. This out-of-court identification was admitted at trial. There is a reasonable probability that, but for his counsel's errors, the out-of-court identification would not have been admitted, and the result of the proceeding would have been different. The first point of error is sustained.

Appellant's other point of error is overruled. The judgment of the trial court is reversed and the cause remanded for a new trial.