BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-06-0407-CR


NO. 07-06-0408-CR


NO. 07-06-0409-CR


NO. 07-06-0410-CR


NO. 07-06-0411-CR


NO. 07-06-0412-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 14, 2007


______________________________



ELI EDWARDS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;



NOS. 4294, 4295, 4296, 4297, 4298, 4299; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Eli Edwards (appellant) appeals his criminal convictions. Per two extensions of the
deadline previously granted him, his appellate briefs were due by February 8, 2007, with
the admonition that no further extensions would be granted. Yet, instead of filing the
appellate brief in each cause, counsel has again filed another motion for extension of time. 
This court informed appellant that failure to comply with the February 8th deadline would
result in the appeals being abated and remanded to the trial court. 

 Consequently, we abate the appeals and remand the causes to the 31st District
Court of Wheeler County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant is indigent; 


 2. whether appellant desires to prosecute the appeals; and


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief in each cause. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.
Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent
defendant is entitled to the effective assistance of counsel on the first
appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeals. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before March 16, 2007. Should
additional time be needed to perform these tasks, the trial court may request same on or
before March 16, 2007.

 It is so ordered.

 Per Curiam

Do not publish.



ects below. Thus, given that the objection uttered below does not comport with
the issue asserted on appeal, the purported error was and is waived. Massey v. State,
933 S.W.2d 141, 157 (Tex. Crim. App. 1996). 

Issue Two - Ineffective Assistance


 In his second issue, appellant contends his trial counsel was ineffective since he
failed to object to the identification of him as one of the robbers by Blackmoore and Nash. 
We overrule the issue.

 The standard by which we review ineffective assistance of counsel claims is well
established. Thus, we will not repeat it, but cite the parties to Strickland v. Washington,
466 U. S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984), Tong v. State, 25 S.W.3d 707
(Tex. Crim. App. 2000), cert. denied, 532 U. S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027
(2001), and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) for an
explanation of same. Further, claims of ineffective assistance must be firmly founded in
the record. Rios v. State, 990 S.W.2d 382, 385 (Tex. App.-Amarillo 1999, no pet.).

 With regard to the in-court identification by Blackmoore, appellant fails to explain
why the testimony was inadmissible. He simply states that it "was so objectionable the . . .
Court felt it necessary to attempt to clarify" it. Furthermore, the specific objection that
counsel was purportedly required to make goes unmentioned, as does any authority
supporting the conclusion that the evidence was inadmissible. Thus, we are left to guess
at the reasoning underlying appellant's claim and at the legitimacy of that reasoning, if any. 
And, because of that, the complaint was waived due to insufficient briefing. See Garcia
v. State, 887 S.W.2d 862, 880-81 (Tex. Crim. App. 1994), overruled in part on other
grounds by Hammock v. State, 46 S.W.3d 889 (Tex. Crim. App. 2001) (overruling the claim
that counsel was ineffective due to his failure to object since the appellant failed to explain
"how counsel might have kept the statement out"); Melonson v. State, 942 S.W.2d 777,
782 (Tex. App.-Beaumont 1997, no pet.) (holding that an appellant must not only
specifically identify the deficiencies in counsel's performance but also identify the specific
objection that should have been made and provide authority in support of his argument that
the objection would have been meritorious).

 As to the out-of-court identification by Nash, we also find it to be insufficiently
briefed. Appellant had the burden to prove not only that counsel's performance was
deficient but also that the deficiency prejudiced him. Tong v. State, 25 S.W.3d at 712. 
While the former element is addressed at bar, the latter is not. Nowhere does appellant
endeavor to explain how trial counsel's perceived failure to attempt to suppress Nash's
testimony created a reasonable probability that but for the supposed error the result would
have been different. This is of dire import in view of Lang's testimony and the other
evidence directly inculpating appellant. And, given that the burden lies with "[a]ppellant . . .
[to] prove both prongs of [the test] by a preponderance of the evidence in order to prevail,"
id. (emphasis added), we have no duty to unilaterally fill the void appellant left. 

 Accordingly, the judgment of the trial court is affirmed.



 Brian Quinn

 Justice

Publish.
1. 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).