# NO. 12-18-00186-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSE ROBERTO TREVINO,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jose Roberto Trevino appeals his conviction for indecency with a child. In two issues, Appellant argues that the court's charge permitted the jury to reach a nonunanimous verdict and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with indecency with a child by contact with the child's genitals. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the victim, H.Y., testified that one night, she was attempting to fall asleep on a pull-out sofa in the living room of the house where she, her mother, her brothers, and Appellant, who was her step-father, lived. H.Y. further testified that as she lay there, Appellant entered the room, pulled down the covers, and touched her "uterus"[1] over her clothes with his hand. H.Y. stated that this incident occurred in 2013 when she was eight-years-old.

Thereafter, the trial court held a hearing outside the jury's presence to consider the admissibility of extraneous conduct evidence pursuant to Texas Code of Criminal Procedure, Article 38.37. The trial court ruled that the extraneous conduct evidence was admissible and, with

---

[1] H.Y. further described this part of her body as her "lower body" or the part she uses to go to the restroom ("Number one").

the jury present, H.Y.'s testimony resumed. H.Y. then testified that there were other times when similar things happened with Appellant, but she could not "remember what specifically happened." However, she clarified that such instances of conduct on Appellant's part usually were "all the same" in that he would "touch" her on her "lower body" or "uterus." H.Y. further described two other incidents that occurred when she was in the process of falling asleep and when Appellant entered the room and touched her with his hand on her "lower body."

Following the close of evidence and argument of counsel, the trial court charged the jury, in pertinent part, as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of January 2013, through on or about the 1st day of April 2016, in Cherokee County, Texas, the defendant, **JOSE ROBERTO TREVINO**, did then and there with intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact with [H.Y.] by touching the genitals of [H.Y.], a child younger than 17 years of age, then you will find the defendant guilty of the offense of Indecency with a Child by Contact.
>
> . . . .
>
> During the trial, you heard evidence that the defendant may have committed wrongful acts not charged in the indictment. You are not to consider that evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the wrongful act or acts. Those of you who believe this evidence may consider it for any bearing it has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Ultimately, the jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for eighteen years. The trial court sentenced Appellant accordingly, and this appeal followed.

## UNANIMITY OF JURY VERDICT

In his first issue, Appellant argues that the trial court erred in submitting a charge to the jury that permitted it to convict him without necessarily having reached a unanimous verdict.

### Evidence Demonstrates Repetition of the Same Criminal Act on Different Occasions

Article V, Section 13 of the Texas Constitution requires a unanimous jury verdict in all felony cases. *Stuhler v. State*, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007) (citing TEX. CONST. art. V, §13 (West Supp. 2018)). The court of criminal appeals has recognized three scenarios in which a jury potentially could reach a nonunanimous verdict. *See Ngo v. State*, 175 S.W.3d 738, 747 (Tex. Crim. App. 2005). Among these scenarios is one in which the state puts on evidence of

2

repetition of the same criminal act on different occasions. *See id.* This scenario is consistent with the facts in the case at hand.

Here, the State offered H.Y.'s testimony that Appellant touched her genitals over her clothes while she attempted to sleep on a pull-out sofa in their home. At the State's request, the trial court conducted a hearing outside the jury's presence pursuant to Texas Code of Criminal Procedure, Article 38.37, to consider the admissibility of extraneous conduct evidence. The trial court determined that the evidence of extraneous conduct was admissible, and H.Y. testified before the jury that Appellant touched her genitals over her clothes on multiple other occasions. Appellant did not request, nor did the trial court sua sponte give, the jury a limiting instruction with regard to H.Y.'s testimony concerning the extraneous offenses. Nonetheless, a defendant's failure to request a limiting instruction does not restrict that defendant's right to have the state elect the incident for which it will seek a conviction. *See Phillips v. State*, 193 S.W.3d 904, 911 (Tex. Crim. App. 2006).

Furthermore, where the state puts on evidence of repetition of the same criminal act on different occasions, the defendant may require the state to elect the specific act on which it relies for a conviction, but he need not do so, and the jury must reach a unanimous verdict on which single, specific criminal act the defendant committed. *See Ngo*, 175 S.W.3d at 748; *see also Cosio v. State*, 353 S.W.3d 766, 772 (Tex. Crim. App. 2011). In this case, neither Appellant nor the State requested an election of the conduct constituting the offense. But Appellant's failure to request an election of conduct constituting the charged offense does not forfeit his right to a unanimous verdict. *See Ngo*, 175 S.W.3d at 747–48.

Finally, in its charge, the trial court did not limit the jury's consideration of wrongful acts not charged in the indictment. Rather, the trial court instructed the jury that it could consider any wrongful act proved beyond a reasonable doubt "for any bearing it has on relevant matters." Further, the charge's application paragraph makes no reference to unanimity. In fact, the court's charge makes only two references to unanimity. It does so in paragraphs relating to the foreperson's duties. In *Ngo*, the court concluded that a similar "boilerplate" reference to a unanimous verdict could cause the jury to believe that it need only be unanimous about its "verdict" of "guilty" or "not guilty" of the general offense. *Id.* at 745. But such language does not instruct the jury that it must be unanimous on what specific criminal act the defendant committed. *See id.*

In sum, the State put on evidence of multiple separate instances of Appellant's contacting H.Y.'s genitals with his hand over her clothes during the relevant time period. The trial court did not instruct the jury which, if any, of the acts to which H.Y. testified amounted to extraneous offenses, and the State did not make an election as to the specific act on which it relied for a conviction. Lastly, the court's charge made only two boilerplate references to unanimity, neither of which served to instruct the jury that it must be unanimous on what specific criminal act Appellant committed. *See id.* As a result, we hold that the trial court's charge was submitted in error because given the State's failure to elect, it cannot be determined whether the jury reached a unanimous verdict.

**Harm**

Appellant neither requested that the State make an election, nor did he object to the charge on the basis that it allowed for a nonunanimous verdict. As a result he is not entitled to a harm analysis under Texas Rule of Appellant Procedure 44.2(a). *See Cosio*, 353 S.W.3d at 777. But the charge error still must be reviewed for "egregious" harm. *See id.*; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Cosio*, 353 S.W.3d at 777; *Ngo*, 175 S.W.3d at 750. For actual harm to be established, the charge error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Cosio*, 353 S.W.3d at 777. When assessing harm based on the particular facts of the case, we consider (1) the charge, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) the parties' arguments, and (4) all other relevant information in the record. *Id.*

As set forth previously, the court's charge permitted a nonunanimous verdict based on the evidence presented in the case. *See id.* Nothing in the charge itself militates against this conclusion. *See id.*

Next, we observe that neither the parties nor the trial judge added to the charge error by telling the jury that it did not have to be unanimous about the specific instance of criminal conduct in rendering its verdict.[2] This factor therefore does not weigh in favor of finding egregious harm. *See id.* at 777.

---

[2] *Compare with Ngo*, 175 S.W.3d at 750–52 (omission of unanimity instruction caused egregious harm when prosecutor and judge both misstated law concerning unanimity on multiple occasions during trial).

Finally, in her testimony H.Y. detailed each of the instances of criminal conduct. Her testimony was not impeached. And her description of each instance of conduct was nearly identical, save for the room in which the conduct occurred on one occasion. Appellant's defense was that he did not commit any of the offenses and that there was reasonable doubt as to each of the incidents because H.Y. was not credible. But the jury was not persuaded by Appellant's argument that he did not commit the offenses or that there was any reasonable doubt that he did so. It also was able to consider the unimpeached testimony from Appellant's pastor that Appellant confessed to him generally that he committed the offense. Given the striking similarity of the facts comprising the various offenses, we conclude that had the jury disbelieved H.Y. as to one account, it certainly would have disbelieved her on all accounts and would have acquitted Appellant. On this record, therefore, it is logical to suppose that the jury unanimously agreed that Appellant committed each of the separate instances of criminal conduct during each of the incidents H.Y. described. *See id*.[3] It is, thus, highly likely that the jury's verdicts were, in fact, unanimous. *See id.* at 777. Accordingly, actual harm has not been shown, and we cannot say that Appellant was denied a fair and impartial trial. *See id.* Appellant's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant argues that his trial counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that the result would have been different had his trial counsel performed adequately.

### Governing Law

Claims of ineffective assistance of counsel are evaluated under the two-step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500

---

[3] *See e.g.*, *Taylor v. State*, 332 S.W.3d 483, 493 (Tex. Crim. App. 2011) ("The defensive theory was that no sexual abuse occurred at any time. It is unlikely that the jury believed that Appellant sexually assaulted the victim before he turned 17 years old but not after.").

(Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and cannot be built upon retrospective speculation. *Id.* at 835.

Moreover, after proving error, the appellant must affirmatively prove prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also Bone*, 77 S.W.3d at 837.

**Discussion**

In the instant case, Appellant argues that his trial counsel's performance fell below an objective standard of reasonableness because (1) he failed to object to the admissibility of evidence on relevance grounds under Texas Rules of Evidence 401, 403, 404, and 609, (2) he failed to object to the admissibility of evidence under Article 38.37, (3) he failed to object to the trial court's failure to perform a balancing test to determine if otherwise relevant evidence was unduly prejudicial, (4)

his voir dire examination was too short, (5) his opening statement was too short, (6) his cross examination of H.Y. not extensive enough, (7) he failed to file a motion in limine in an effort to prevent the jury from hearing any extraneous offenses without appropriate rulings from the court, and (8) he incorrectly informed Appellant that he was eligible for probation.

Yet, the record before us largely is silent about trial counsel's underlying strategy or why he chose the course he did. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Garza*, 213 S.W.3d at 348; *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see Menefield*, 363 S.W.3d 593 (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

In *Andrews*, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id.* at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id.* The trial court ultimately granted the State's motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id.* The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id.* at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But counsel's failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented on appeal is quite different from determining whether to object to testimony as a matter of trial

strategy. *See **Ingham v. State***, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel); ***Melonson v. State***, 942 S.W.2d 777, 782 (Tex. App.–Beaumont 1997, no pet.) (appellant required to provide authority in support of argument that objections would have been meritorious, which he did not do); *see also **Distefano v. State***, 532 S.W.3d 25, 31 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd) (in overruling Rule 403 objection, trial court is presumed to have performed Rule 403 balancing test and determined evidence was admissible); *see, e.g.*, ***Walker v. State***, No. 12-13-00076-CR, 2014 WL 357193, at *2 (Tex. App.–Tyler Jan. 31, 2014, pet. ref'd) (mem. op., not designated for publication) (failure of trial counsel to object to hearsay testimony not ineffective assistance because counsel's underlying reasons for decision not demonstrated by record).

The same holds true for nearly all of the other instances of conduct of which Appellant complains. *See **Goodspeed v. State***, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (failure to ask any questions in voir dire does not constitute conduct so outrageous that no competent attorney would engage in it); ***Ex parte McFarland***, 163 S.W.3d 743, 755–56 (Tex. Crim. App. 2005) (attorney's decision to limit cross examination rooted in sound trial strategy); *see, e.g.*, ***Darkins v. State***, 430 S.W.3d 559, 570 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd) (counsel's failure to make opening statement was not conduct so outrageous that no competent attorney would have engaged in it); ***Wert v. State***, 383 S.W.3d 747, 757 (Tex. App.–Houston [14th Dist.] 2012, no pet.) (failure to file motion in limine not ineffective assistance absent evidence to rebut presumption of sound trial strategy); ***Miranda v. State***, 993 S.W.2d 323, 327–28 (Tex. App.–Austin 1999, no pet.) (bare and categorical assertions of failure to make appropriate objections to admissibility of evidence and failure to file necessary pretrial motions not ineffective assistance absent evidence to rebut presumption of sound trial strategy); ***Gilbert v. State***, No. 14-02-00727-CR, 2003 WL 22176625, at *3 (Tex. App.–Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op., not designated for publication) (even assuming arguendo that extraneous offense evidence was inadmissible, trial counsel's failure to object not ineffective assistance in absence of any evidence of trial counsel's strategy).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in ***Andrews*** and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See **Menefield***, 363

8

S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts.

In one instance, however, the record does indicate an explanation underlying an error on Appellant's counsel's part. Specifically, the record indicates that Appellant's counsel mistakenly informed Appellant he was eligible for community supervision when the law did not so provide. Shortly before trial, outside the jury's presence, Appellant's counsel discussed a pretrial motion for "community service" he filed on Appellant's behalf and stated that he was unaware that "community service" was not available to Appellant because the victim was under fourteen years old when the offense allegedly occurred. However, Appellant took the stand and testified under oath outside the jury's presence that the fact that "community service" was not available did not have any bearing on his decision to decline the State's plea offer, in which it recommended a ten year sentence. Accordingly, we hold that Appellant's counsel's mistake does not constitute ineffective assistance because Appellant is unable to affirmatively demonstrate that he was prejudiced by his counsel's error. *See Burruss*, 20 S.W.3d at 186; *cf. Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013) (to establish prejudice in claim of ineffective assistance of counsel in which defendant rejects plea bargain because of bad legal advice, defendant must demonstrate reasonable probability that (1) he would have accepted earlier offer if counsel had not given ineffective assistance, (2) prosecution would not have withdrawn offer, and (3) trial court would not have refused to accept plea bargain).

In fact, apart from his statement of the issue, Appellant fails to make any argument that there is a reasonable probability that, but for any of his attorney's alleged errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. We stress that the burden of proof as to this issue rests squarely upon Appellant. *See Burruss,* 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings would have been different. *Id.*

Therefore, we hold that Appellant has not met the first prong of *Strickland* as set forth above because the record does not contain evidence needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts, and

Appellant cannot overcome the strong presumption that his counsel performed effectively. We further hold that Appellant failed to meet his burden under the second prong of *Strickland* with regard to any of the alleged errors on his trial counsel's part. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 15, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2019**

**NO. 12-18-00186-CR**

**JOSE ROBERTO TREVINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 20666)

___

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*