02-09-358-CV










 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00358-CV

 

 


 
 
 In the Interest of M.E.-M.N, Minor Child
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

----------

 

FROM THE 16th
District Court OF Denton COUNTY

----------

 

OPINION

----------

 

I. 
Introduction

          Appellant
S.G. appeals the judgment terminating her parental rights to M.E.-M.N.  She
contends in four issues that the trial court abused its discretion by finding
her appeal frivolous, that she was denied effective assistance of counsel
during the post-trial period, and that the evidence is legally insufficient to
support the trial court’s endangerment findings.  We affirm.

II. 
Factual Background

          On
May 9, 2008, the Texas Department of Family and Protective Services (the
Department) received a referral alleging neglectful supervision of two-year-old
M.E.-M.N.  The referral alleged that, while M.E.-M.N. was present, Appellant
had passed out in a car at a methadone clinic where Appellant had been receiving
treatment to overcome her addiction to opiates.  Department investigator
Stephanie Kolb subsequently visited Appellant’s residence and knocked on the
door, but no one answered.  Kolb then heard what seemed like a small child
telling her to come inside, but no one answered after Kolb knocked again.  Kolb
called for law enforcement, fearing that the child might be in the home
unattended, and law enforcement entered the home.  Inside, Kolb found
M.E.-M.N., Appellant, and Appellant’s friend Danny Lee.

          Kolb
interviewed Appellant and learned that she had a history of prescription drug
abuse and that Appellant no longer had custody of her two oldest children. 
After conducting further investigation—including positive drug test results for
both Appellant and M.E.-M.N.—and unsuccessfully attempting to find suitable,
short-term housing for M.E.-M.N., Kolb recommended on May 19, 2008, that M.E.-M.N.
be placed into foster care.

III. 
Procedural Background

          The
Department initiated this termination proceeding against Appellant and C.N.,
M.E.-M.N.’s biological father, on May 20, 2008.[1]  Although Appellant
initially had retained counsel, her retained attorney withdrew in February
2009.  The trial court then found Appellant indigent and appointed new trial
counsel.

          After
the September 2009 bench trial, the trial court terminated Appellant’s parental
rights to M.E.-M.N., finding that Appellant had knowingly placed or knowingly
allowed M.E.-M.N. to remain in conditions or surroundings which endangered
M.E.-M.N.’s physical or emotional well-being and engaged in conduct or
knowingly placed M.E.-M.N. with persons who engaged in conduct which endangered
the physical or emotional well-being of M.E.-M.N. and that termination of
Appellant’s parental rights was in M.E.-M.N.’s best interest.[2] 
On September 28, 2009, before the trial court signed the final order of
termination, Appellant’s trial counsel filed a notice of appeal on Appellant’s
behalf.  Also on September 28, 2009, Appellant’s trial counsel filed, and the
trial court granted, an “Agreed Motion to Withdraw as Counsel.”[3] 
The trial court did not, however, appoint appellate counsel for Appellant,
despite her indigence.  The trial court signed the final order of termination
on October 6, 2009, but Appellant did not file a motion for new trial or a statement
of points for appeal.

          After
Appellant failed to timely file her appellate brief, we abated the appeal and
remanded the case to the trial court so that the trial court (1) could
determine whether Appellant was indigent and desired to continue the appeal,
(2) could appoint appellate counsel for Appellant, and (3) could permit
Appellant to develop an evidentiary record as to whether she was denied
effective assistance of counsel during the thirty-day period following the
final order of termination.  See In re K.K., 180 S.W.3d 681, 687–88
(Tex. App.—Waco 2005, order) (abating appeal for determination of whether
parent was denied effective assistance of counsel on appeal by failing to file
brief), disp. on merits, No. 10-04-00303-CV, 2006 WL 561820 (Tex.
App.—Waco Mar. 8, 2006, no pet.); In re S.D.S., No. 07-04-00261-CV, 2004
WL 1879649, at *1 (Tex. App.—Amarillo Aug. 23, 2004, order) (same), disp. on
merits, 2005 WL 1038817 (Tex. App.—Amarillo May 3, 2005, pet. denied).

          On
remand, the trial court found that Appellant was indigent and wanted to
prosecute the appeal, and the trial court appointed appellate counsel for
Appellant.  Appellant’s new counsel then filed an “emergency motion to comply
with abatement order,” and the trial court conducted a hearing on May 6, 2010. 
After the May 6 hearing, the trial court found that Appellant was not
represented by counsel during the thirty-day period following entry of the
final order of termination, that no points of appeal were filed by Appellant’s
trial counsel, and that Appellant’s appeal would be frivolous.  See Tex.
Fam. Code Ann. § 263.405(d)(3) (Vernon 2008).

          On
June 2, 2010, Appellant filed her appellate brief and a “motion to extend time
to file the brief and/or allow for supplementation of the brief.”  We granted
Appellant’s motion and stated that “it is clear from the record and the
findings of the trial court that Appellant was not represented by counsel
during the post-judgment time for filing a statement of points and motion for new
trial.”  We also ordered (1) that the court reporter prepare and file a
complete reporter’s record without cost to Appellant, (2) that Appellant file a
supplemental brief within twenty days of the filing of the reporter’s record,
and (3) that we would “treat Appellant’s complaints raised in her brief as a
sufficient statement of points on appeal.”  Appellant then timely filed her
supplemental brief.

IV. 
Discussion

          Appellant
contends in four issues that the trial court abused its discretion by finding
that her appeal would be frivolous,[4] that she was denied
effective assistance of counsel in the post-trial period, and that the evidence
is legally insufficient to support the trial court’s endangerment findings.[5]


A. 
Trial Court’s Frivolousness Finding

          In
the second issue of her initial brief and in the first issue of her
supplemental brief, Appellant contends that the trial court abused its
discretion by finding that her appeal would be frivolous.  See Tex. Fam. Code Ann. § 263.405(d)(3).  The trial court signed the final order of termination
on October 6, 2009, but did not sign the order containing the frivolousness
finding until May 6, 2010, well beyond the thirty-day deadline in section 263.405(d). 
See id. § 263.405(d).  Although we abated this appeal on April 8, 2010,
and remanded it to the trial court, we remanded only for limited reasons and
ordered that this appeal would be “automatically reinstated without further
order” upon “our receipt of the supplemental record.”  The supplemental record
was filed with this court on May 5, 2010.  Thus, the trial court lost its
abatement jurisdiction on May 5, 2010, but signed the frivolousness order the
following day.  See generally Lewis v. State, 711 S.W.2d 41, 43 (Tex.
Crim. App. 1986) (holding trial court exceeded its authority by conducting
evidentiary hearing outside scope of abatement mandate).  The Department
suggests, and we agree and hold that the trial court did not have jurisdiction
on May 6, 2010, to render the frivolousness order and that the frivolousness
order is void.  Therefore, we need not decide whether the trial court abused
its discretion by finding Appellant’s appeal frivolous, and we overrule the
second issue of Appellant’s initial brief and the first issue of Appellant’s
supplemental brief.  See Tex. R. App. P. 47.1.

B. 
Ineffective Assistance of Counsel

          In
the first issue of her initial brief, Appellant contends that she was illegally
denied effective assistance of counsel during the post-trial period because the
trial court permitted her appointed trial counsel to withdraw but did not timely
appoint appellate counsel.

          Indigent
persons in government-initiated parental-rights termination cases have a
statutory right to counsel, and that right includes the right to effective
assistance of counsel.  In re M.S., 115 S.W.3d 534, 543 (Tex. 2003).  To
successfully assert an ineffective assistance of counsel claim on appeal in a
termination case, the appellant must show (1) that counsel failed to perform in
a reasonably effective manner and (2) that “the deficient performance
prejudiced the defense, which ‘requires showing that counsel’s errors were so
serious as to deprive the defendant of a fair trial, a trial whose result is
reliable.’”  In re H.R.M., 209 S.W.3d 105, 111 (Tex. 2006) (quoting M.S.,
115 S.W.3d at 545); see Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984).

Family
code section 263.405(b) provides that an appellant in a parental termination
proceeding must, within fifteen days of the final termination order, file a
motion for new trial or a statement of points for appeal if an appeal is
sought.  See Tex. Fam. Code Ann. § 263.405(b).  Further, family code
section 263.405(i) prohibits an appellate court from considering “any issue
that was not specifically presented to the trial court in a timely filed
statement of points . . . or in a statement [of points] combined with a motion
for new trial.”  Id. § 263.405(i); see In re J.H.G., 302 S.W.3d
304, 306 (Tex. 2010) (“The court of appeals may not address an issue that is
not included in a timely filed statement of points.”).

It
is undisputed that Appellant was indigent but unrepresented by counsel during
the fifteen-day period following entry of the final order of termination.  However,
the trial court did eventually appoint appellate counsel for Appellant.  Moreover,
we granted Appellant’s motion on appeal for supplemental briefing and ordered
that we would treat the complaints in her appellate brief as a sufficient
statement of points for appeal.  Thus, although Appellant was denied appointed
counsel during the fifteen-day period following the final order of termination,
Appellant has had the opportunity, with the assistance of appointed appellate
counsel, to fully present and brief any issues she wished to pursue on appeal. 
Although the trial court should have promptly appointed appellate counsel for
Appellant when it permitted her trial counsel to withdraw, Appellant has not
established that she was prejudiced by the trial court’s failure to timely
appoint appellate counsel.  See In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005) (holding appellant “failed to demonstrate that her counsel’s performance
prejudiced her defense”).  We therefore overrule the first issue in Appellant’s
initial brief.

C.  Legal
Sufficiency of the Evidence

In
the second issue of her supplemental brief, Appellant contends that the
evidence is legally insufficient to support the trial court’s endangerment
findings “because the only evidence of child endangerment are conclusory
statements by two ongoing case workers.”[6]

1.  Standard of Review

          A
parent’s rights to “the companionship, care, custody, and management” of his or
her children are constitutional interests “far more precious than any property
right.”  Santosky v. Kramer, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397
(1982); M.S., 115 S.W.3d at 547.  “While parental rights are of
constitutional magnitude, they are not absolute.  Just as it is imperative for
courts to recognize the constitutional underpinnings of the parent-child
relationship, it is also essential that emotional and physical interests of the
child not be sacrificed merely to preserve that right.”  In re C.H., 89
S.W.3d 17, 26 (Tex. 2002).  In a termination case, the State seeks not just to
limit parental rights but to erase them permanently—to divest the parent and
child of all legal rights, privileges, duties, and powers normally existing
between them, except for the child’s right to inherit.  Tex. Fam. Code Ann. §
161.206(b) (Vernon 2008); Holick v. Smith, 685 S.W.2d 18, 20 (Tex.
1985).  We strictly scrutinize termination proceedings and strictly construe
involuntary termination statutes in favor of the parent.  Holick, 685
S.W.2d at 20–21; In re R.R., 294 S.W.3d 213, 233 (Tex. App.—Fort Worth
2009, no pet.).

          Termination
decisions must be supported by clear and convincing evidence.  Tex. Fam. Code
Ann. §§ 161.001, .206(a).  Evidence is clear and convincing if it “will produce
in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.”  Id. § 101.007
(Vernon 2008).  Due process demands this heightened standard because
termination results in permanent, irrevocable changes for the parent and
child.  In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002); see In re
J.A.J., 243 S.W.3d 611, 616 (Tex. 2007) (contrasting standards for
termination and modification).

          In
evaluating the evidence for legal sufficiency in parental termination cases, we
determine whether the evidence is such that a factfinder could reasonably form
a firm belief or conviction that the grounds for termination were proven.  In
re J.P.B., 180 S.W.3d at 573.  We review all the evidence in the light most
favorable to the finding and judgment.  Id.  We resolve any disputed
facts in favor of the finding if a reasonable factfinder could have done so.  Id.  We disregard all evidence that a reasonable factfinder could have disbelieved. 
 Id.  We consider undisputed evidence even if it is contrary to the
finding.  Id.  That is, we consider evidence favorable to termination if
a reasonable factfinder could, and we disregard contrary evidence unless a
reasonable factfinder could not.  Id.  We cannot weigh witness
credibility issues that depend on the appearance and demeanor of the witnesses,
for that is the factfinder’s province.  Id. at 573, 574.  And even when
credibility issues appear in the appellate record, we defer to the factfinder’s
determinations as long as they are not unreasonable.  Id. at 573.

2.  Applicable Law

          Endangerment
means to expose to loss or injury, to jeopardize.  Tex. Dep’t of Human
Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987); In re J.T.G., 121
S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.); see also In re M.C.,
917 S.W.2d 268, 269 (Tex. 1996).  Under section 161.001(1)(E), the relevant
inquiry is whether evidence exists that the endangerment of the child’s
physical well-being was the direct result of Appellant’s conduct, including
acts, omissions, or failures to act.  See J.T.G., 121 S.W.3d at 125; see
also Tex. Fam. Code Ann. § 161.001(1)(E).  Additionally, termination under subsection
(E) must be based on more than a single act or omission; the statute requires a
voluntary, deliberate, and conscious course of conduct by the parent.  J.T.G.,
121 S.W.3d at 125; see Tex. Fam. Code Ann. § 161.001(1)(E).  It is not
necessary, however, that the parent’s conduct be directed at the child or that
the child actually suffer injury.  Boyd, 727 S.W.2d at 533; J.T.G.,
121 S.W.3d at 125.  The specific danger to the child’s well-being may be
inferred from parental misconduct standing alone.  Boyd, 727 S.W.2d at
533; In re R.W., 129 S.W.3d 732, 738 (Tex. App.—Fort Worth 2004, pet.
denied).  Moreover, a parent’s mental state may be considered in determining
whether a child is endangered if that mental state allows the parent to engage
in conduct that jeopardizes the physical or emotional well-being of the child.  In
re J.I.T.P., 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no
pet.).  To determine whether termination is necessary, courts may look to parental
conduct occurring both before and after the child’s birth.  In re D.M.,
58 S.W.3d 801, 812 (Tex. App.—Fort Worth 2001, no pet.).

3. 
Discussion

          The
evidence is legally sufficient to support the trial court’s finding that
Appellant “engaged in conduct or knowingly placed [M.E.-M.N.] with persons who
engaged in conduct which endangered [M.E.-M.N.’s] physical or emotional
well-being.”  See Tex. Fam. Code Ann. § 161.001(1)(E).  The Department filed
this case after receiving a referral alleging that Appellant was found passed
out in her car at the methadone clinic while M.E.-M.N. was present.  Appellant
testified and denied the incident, but she subsequently acknowledged that she was
withdrawing from hydrocodone when she went to the methadone clinic and testified
that she had pneumonia and suffered from an overdose of a mixture of antibiotic
and methadone.  Appellant further testified that she had been going to the
clinic for opiate addiction for five and one-half years, but she admitted that she
had not been there for more than a year before trial, had not received drug
treatment since that time, and had four positive drug tests during the pendency
of the case.  Appellant denied ever using cocaine or methamphetamines but could
not explain why she had tested positive for both (as well as other drugs) in
April and May 2008.  In addition, both she and M.E.-M.N. tested positive for
cocaine at the beginning of the case in May 2008, which was the basis, she
believed, for M.E.-M.N. being taken by the Department.  Further, the man with
whom Appellant and M.E.-M.N. lived at the beginning of the case also admitted
having a problem with cocaine.

Appellant
acknowledged that she also struggled with an addiction to Xanax; pleaded no
contest in 1999 to felony prescription fraud; refused to take a drug test in
January 2009;[7] and made numerous visits
to a hospital emergency room during the pendency of the case for relatively
minor conditions, receiving pain medication on most of those visits.[8]
 After this case was filed, Appellant was indicted for endangerment of her
child (arising out of M.E.-M.N.’s exposure to cocaine), and she received
deferred adjudication after pleading no contest.  Appellant subsequently had
her bond revoked on the prescription fraud charge and was jailed, during which
time her services were abated, and she was unable to schedule them until the
middle of August prior to trial in September 2009.

Appellant
testified that, although she had neither sought nor received treatment for her
addictions while this case was pending, she and her probation officer were
working on placing her in outpatient treatment.  Further, Appellant admitted
that she did not appear for her psychological examination, did not attend parenting
classes, did not attend counseling, and did not complete her drug and alcohol
assessment.  The only evidence of employment was Appellant’s testimony that she
was employed part-time as a caretaker of an elderly woman, but she admitted
that her caretaker’s license had expired.  She also conceded that she does not
have stable housing.  In general, Appellant conceded in her own testimony that she
had “not done nearly enough” to show the court that she could provide a safe
environment for her child.  She said she had followed the advice of her
previous attorney in the beginning and had not started working her services
because her prior attorney wanted them done as he requested them.

Finally,
Appellant’s mother testified that she had successfully petitioned for
termination of Appellant’s parental rights to her two oldest children because
of Appellant’s addiction to painkillers.[9]  Except for calls from
Appellant on the older children’s birthdays, Appellant’s mother has no contact
with Appellant or M.E.-M.N., and Appellant’s mother does not know where
Appellant lives, who her friends are, or where she works.

          Stability
and permanence are paramount in the upbringing of children.  See In re
T.D.C., 91 S.W.3d 865, 873 (Tex. App.—Fort Worth 2002, pet. denied).  Drug
use and its effect on a parent’s ability to parent may establish an endangering
course of conduct.  In re J.O.A., 283 S.W.3d 336, 345 (Tex. 2009); R.W.,
129 S.W.3d at 739; Dupree v. Tex. Dep’t of Protective & Regulatory
Servs., 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ).  Further, “[a]
parent’s decision to engage in illegal drug use during the pendency of a
termination suit, when the parent is at risk of losing a child, supports a
finding that the parent engaged in conduct that endangered the child’s physical
or emotional well-being.”  In re J.A.G., No. 02-10-00002-CV, 2010 WL
4539442, at *1 (Tex. App.—Fort Worth Nov. 10, 2010, no pet.) (mem. op.)
(quoting In re J.W., No. 02-08-00211-CV, 2009 WL 806865, at *4 (Tex. App.—Fort
Worth Mar. 26, 2009, no pet.) (mem. op.)).  Even assuming, as Appellant
contends, that the caseworkers’ testimonies were conclusory, there was ample additional
evidence in the form of Appellant’s own testimony and that of her mother that
supports the trial court’s endangerment finding.

Viewing
all the evidence in the light most favorable to the termination judgment, and
disregarding all contrary evidence that a reasonable fact finder could
disregard, we hold that the evidence is legally sufficient to support a fact finder’s
firm conviction or belief that Appellant engaged in conduct that endangered
M.E.-M.N.’s physical or emotional well-being.  See Tex. Fam. Code Ann. §
161.001(1)(E); J.P.B., 180 S.W.3d at 573; In re S.G.S., 130
S.W.3d 223, 238 (Tex. App.—Beaumont 2004, no pet.).  Because the evidence is
legally sufficient to support the trial court’s section 161.001(1)(E) finding,
we need not address whether the evidence is also legally sufficient to support
the trial court’s section 161.001(1)(D) finding.  See In re E.M.N., 221
S.W.3d 815, 821 (Tex. App.—Fort Worth 2007, no pet.) (stating that a finding of
only one ground alleged under section 161.001(1) is sufficient to support a
judgment of termination).  We overrule the second issue in Appellant’s
supplemental brief.

V. 
Conclusion

          Having
held that the trial court did not have jurisdiction on May 6, 2010, to find Appellant’s
appeal frivolous, and having overruled Appellant’s remaining issues, we affirm
the trial court’s order terminating Appellant’s parental rights to M.E.-M.N.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  May 26, 2011









[1]C.N. has not appealed the
termination of his parental rights to M.E.-M.N.





[2]See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (2) (Vernon Supp. 2010).





[3]The “agreed order”
permitting withdrawal of Appellant’s trial counsel was signed by Appellant’s
trial counsel and the Department’s attorney, but it was not signed by
Appellant.





[4]Appellant’s two briefs
contain four total issues, but the second issue in her initial brief and the
first issue in her supplemental brief each challenge the trial court’s finding
that her appeal would be frivolous.





[5]Appellant does not
challenge the trial court’s finding that termination of her parental rights is
in M.E.-M.N.’s best interest.





[6]Appellant’s supplemental
brief sets forth the standards for reviewing the legal and factual sufficiency
of the evidence, but she states her second issue as challenging only the legal
sufficiency of the evidence, her argument section does not contain argument
concerning the factual sufficiency of the evidence, and she seeks only reversal
and rendition.  Thus, we do not address whether the evidence is factually
insufficient to support the trial court’s endangerment findings.





[7]The trial court may infer
from a refusal to take a drug test that Appellant was using drugs.  See
J.T.G., 121 S.W.3d at 131.





[8]Appellant denied seeking
pain medication from healthcare providers when she was unable to get a “fix” on
the street.





[9]Appellant initially agreed
to give her mother custody of Appellant’s two oldest children.  Appellant lived
in her mother’s home for a while and attended outpatient treatment, but she did
not obey the facility’s rules.  Appellant’s mother testified that she subsequently
petitioned the court for termination of Appellant’s parental rights after
having custody of the children for five years because she believed that
Appellant was not going to get treatment for her addiction and that the
children needed permanency.  In that case, Appellant had counsel and fought the
termination of her rights, but she did not follow the requirements of getting
treatment, establishing a residence, or maintaining employment.