**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00595-CR

————————————

**MILTON WAYNE KAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Court Case No. D-120519-R**

---

### MEMORANDUM OPINION

Appellant Milton Wayne Kay was charged by indictment for felony driving while intoxicated ("DWI"). *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2013). The indictment further alleged an enhancement for two prior driving while intoxicated convictions, in 1989 and 2000. Kay moved to quash the indictment,

arguing that his prior DWI convictions could not be used to enhance his DWI charge to a felony because they were over ten years old, and the trial court denied his motion. Kay also moved to suppress the warrantless blood draw and video recording, both of which were taken on the night of his arrest, and the trial court denied his motion.

A jury found Kay guilty and sentenced him to 19 years' confinement in prison. In two issues, Kay (1) challenges the constitutionality of section 724.012 of the Texas Transportation Code, which requires a law enforcement officer to take a blood sample from a suspect arrested for driving while intoxicated when the suspect has refused to submit to the blood draw voluntarily and the officer has reliable information from a credible source that the suspect has two prior convictions for driving while intoxicated, and (2) argues that he was denied effective assistance of counsel. We affirm.

## Background

On June 3, 2012, Officer P. McDonald[1] of the Orange Police Department stopped Kay for not wearing his seatbelt and for having an expired vehicle registration sticker. While conducting the traffic stop, Officer McDonald smelled alcohol and observed Kay slurring his speech. Officer McDonald conducted field

---

[1] Officer McDonald testified at the hearing on Kay's motion to suppress and at trial.

sobriety tests, and indicated that Kay was intoxicated, and then placed Kay under arrest and transported him to the Orange County Jail.

At the jail, Kay refused to submit to a blood draw voluntarily. However, when Officer McDonald had earlier placed Kay in custody, dispatch had provided Kay's criminal history report to Officer McDonald. The report showed that Kay had two prior DWI convictions. Relying on section 724.012(b) of the Transportation Code, Officer McDonald directed a nurse at the jail to perform a warrantless blood draw on Kay. The results indicated that Kay had a blood alcohol concentration of .24 grams of ethanol per 100 milliliters of blood, which was three times the legal limit.

Kay moved to suppress the blood alcohol test's results because the blood was taken without his consent and without a warrant. At the hearing on Kay's motion to suppress, Officer McDonald testified that he ordered the blood draw because he had a good faith belief that Kay had two previous DWI convictions. The basis for his belief was Kay's criminal history report, given to him by dispatch, which indicated Kay had two prior DWI convictions. The trial court denied the motion, explaining: "[B]ased upon the fact that the statute in the state of Texas does allow for the non-warrant blood draw if . . . the defendant has two prior convictions for DWI, which has been admitted and stipulated here, the Court is going to deny the Motion to Suppress as to the blood draw without a warrant." It

3

later denied Kay's motion for new trial, which raised the same issue, along with two issues regarding jury instructions.

After Kay filed his notice of appeal, his trial counsel moved to withdraw. The appeal was abated and the trial court held a hearing at which it granted the request to withdraw and appointed new appellate counsel. During the same hearing, the trial court also heard testimony from Kay and his trial counsel regarding Kay's contention that trial counsel rendered ineffective assistance by failing to convey a plea offer to Kay.

**Transportation Code Section 724.012**

Citing *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), Kay contends that section 724.012 of the Texas Transportation Code is unconstitutional because it "impermissibly narrows [Kay's] Constitutionally guaranteed right to be free from unreasonable searches of his person and seizure of his bodily fluids without a warrant and without any showing of exigent circumstances."

**A.    Applicable Law**

The taking of a blood specimen is a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834 (1966). A warrantless search or seizure is per se unreasonable, unless it falls under a recognized exception to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967); *Walter v. State*, 28 S.W.3d 538, 541 (Tex.

Crim. App. 2000). One such exception is a search conducted pursuant to consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44 (1973). Likewise, implied consent law "implies a suspect's consent to a search in certain instances. This is important when there is no search warrant, since it is another method of conducting a constitutionally valid search." *Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim. App. 2002).

Section 724.012(b)(3)(B) of the Texas Transportation Code provides implied consent to draw blood without a warrant in limited circumstance. It states: "[a] peace officer shall require the taking of a specimen of the person's breath or blood . . . if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily" if, "at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person . . . on two or more occasions, has been previously convicted of . . . an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code." TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B). Driving while intoxicated is an offense under section 49.04 of the Penal Code. *See* TEX. PENAL CODE ANN. § 49.04. When a person is arrested under the circumstances described in section 724.012(b), that person's refusal to submit to the taking of the specimen does not suspend the officer's statutory duty to take it. *Id.* § 724.013 (West 2011).

5

**B.     Analysis**

Relying on *McNeely*, Kay contends that section 724.012 violates the Fourth Amendment. But Kay did not challenge the constitutionality of section 724.012 in the trial court. Rather, Kay's argument in his motion to suppress and at the hearing on that motion was that (1) the blood draw was warrantless and taken over his refusal to voluntarily provide a blood sample and (2) Kay's two prior convictions were too remote in time to serve as the two prior convictions required by section 724.012(b). At no point did Kay attack the constitutionality of section 724.012(b).

At the hearing on Kay's motion to suppress, Kay's counsel focused on the fact that Kay "did not agree for his blood to be taken," and that the State had the burden to show there were circumstances present that allowed the State to take a warrantless blood draw.[2] Counsel argued that

> there may be exceptions where you don't have to get a warrant under [*McNeely*]; but the State does have the burden of proof to carry that issue . . . [to show] what circumstances they don't have to get a warrant, and we have agreed on the record no warrant was issued in this case . . . Kay did not agree for his blood to be taken . . . .

Counsel also argued that Kay's two prior DWI convictions could not satisfy the statute because they were each more than ten years old. Counsel did not argue that

---

[2]     The State agreed it had the burden and would lay the foundation at trial to prove that Kay had two prior convictions which allowed for the warrantless blood draw.

section 724.012, the implied-consent statute, is unconstitutional under *McNeely* or otherwise.[3]

Kay's written motion to suppress likewise did not challenge the constitutionality of blood draws taken under the authority of section 724.012(b). Although Kay complained in his motion to suppress that the warrantless taking of his blood violated the United States and Texas Constitutions, he did so only generally:

> [E]vidence in this case has been illegally obtained . . . *in violation of* the United States Constitution, the Texas Constitution, and Texas Statutory Laws . . . [T]he blood specimen was extracted from [Kay] *without his permission and without a search warrant*. Generally, tak[ing] of a blood sample is a search and seizure within the meaning of the Fourth Amendment to the United States Constitution . . . Article I, section 9 of the Texas Constitution requires that a search warrant be issued . . . In addition, Article 38.23 of the Texas Code of Criminal Procedure forbids any evidence obtained in violation of the law to be admitted against an accused . . . .

(Emphasis added). (Citations omitted).

Considered in context, we conclude that Kay's complaint to the trial court was not sufficient to inform the trial court that Kay challenged the constitutionality of section 724.012(b). *See Resendez v. State*, 306 S.W.3d 308, 314 (Tex. Crim. App. 2009) (holding that "[o]nly when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be

---

[3] For its part, he State argued at the hearing that *McNeely* "specifically seems to endorse" the constitutionality of the implied-consent statute.

preserved"). The record demonstrates that Kay's motion to suppress, as it was developed at the hearing, was based solely on the fact that the blood was drawn over his objection and without a warrant. Kay's counsel seemingly ignored section 724.012 at the hearing; thus, even considering context, nothing in the record suggests that Kay alerted the trial court that he sought to challenge the constitutionality of the implied-consent statute authorizing Kay's blood draw. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that an "objection stating one legal theory may not be used to support a different legal theory on appeal," even when asserting a constitutional challenge). Accordingly, we hold that Kay's challenge to the constitutionality of section 724.012(b) was not preserved for our review. *See* TEX. R. APP. P. 33.1; *see also Lyssy v. State*, 429 S.W.3d 37, 41 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that appellant waived his constitutional challenge to section 724.012(b) where "[t]he context of the motion to suppress, as it developed at the hearing, demonstrates that [appellant's] challenge was based solely on a failure to observe the statute's terms, not an attack on the constitutionality of what it authorizes.").

We overrule Kay's first issue.

**Ineffective Assistance of Counsel**

In his second issue, Kay contends that his trial counsel rendered ineffective assistance by failing to inform Kay of a plea offer. Kay contends this warrants reversal and reinstatement of the State's plea offer.

## A.    Standard of Review and Applicable Law

Both the federal and state constitutions guarantee an accused the right to have the assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2013). The right to counsel includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). Both state and federal claims of ineffective assistance of counsel are evaluated under the two prong analysis of *Strickland*. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

The first prong requires the appellant to demonstrate that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The second prong requires the appellant to show that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, the

appellant must prove there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Unless an appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). On direct appeal, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective-assistance claim because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The lack of a clear record usually will prevent the appellant from meeting the first prong of *Strickland*, as the reasonableness of counsel's choices and actions during trial can be proven deficient only through facts that do not normally appear in the appellate record. *Id.* In order for an appellate court to find on direct appeal that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective would call for speculation by the appellate court. *Stults v. State*, 23 S.W.3d 198, 208 (Tex.

10

App.—Houston [14th Dist.] 2000, pet. ref'd). An appellate court will not speculate about the reasons underlying defense counsel's decisions to find counsel ineffective. *Id.*; *Jackson*, 877 S.W.2d at 771.

## B. Analysis

Kay filed a motion for new trial, but it did not raise an ineffective assistance claim. On appeal, he contends that the State offered a plea bargain of seven years in prison and that his trial counsel failed to communicate that offer to Kay. Kay further contends that his trial counsel failed to intelligently assess and communicate the offer because counsel misunderstood the law. Specifically, Kay argues that his trial counsel erroneously believed that the State was prohibited from using Kay's two prior DWI convictions as predicates for a felony DWI charge because they were more than ten years old.

We abated this appeal and ordered the trial court to hold a hearing on Kay's trial counsel's motion to withdraw. On the same day that the trial court held a hearing on and granted the motion to withdraw, it heard testimony from Kay to the effect that no plea offer was communicated to him but that he had since been informed that there may have been a plea offer at some point.[4]

---

[4] There is a supplemental reporter's record of a "hearing to present additional evidence," which the trial court held after Kay was appointed new appellate counsel.

11

The trial court did not have authority to hold an evidentiary hearing regarding Kay's ineffective assistance claim because our order of abatement did not provide for such a hearing. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."). Even when an appeal is abated, "[a] trial court is not authorized to conduct an evidentiary hearing to develop a record of *new testimony* and *other evidence* that was not presented at trial, or developed on motion for new trial." *Lewis v. State*, 711 S.W.2d 41, 43–44 (Tex. Crim. App. 1986) (emphasis in original) (holding that trial court "exceeded her authority under the mandate of abatement" by holding evidentiary hearing to develop evidence on ineffective assistance claim because appellant failed to present such evidence at trial or in motion for new trial). Accordingly, we do not consider the testimony from the evidentiary hearing that was held while the case was abated. Disregarding the evidence adduced at that hearing, the record does not affirmatively show that any plea offer actually was extended by the State or that Kay's trial counsel failed to convey an offer to him. *See Lopez*, 343 S.W.3d at 142 (stating that the record must affirmatively demonstrate the alleged ineffectiveness to find ineffective counsel). Thus, we cannot conclude that Kay has established that his trial counsel's representation fell below an objective standard of

reasonableness. *See Jenkins v. State*, No. 01-03-00185-CR, 2004 WL 1233996, at *7 (Tex. App.—Houston [1st Dist.] June 3, 2004, no pet.) (mem. op., not designated for publication) (holding appellant failed to show his counsel's performance was deficient because there was no record that appellant's counsel failed to inform him of plea offer or that State ever proposed plea bargain). Accordingly, we hold that Kay failed to meet the first prong of *Strickland*.

We overrule Kay's second issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do Not Publish. TEX. R. APP. P. 47.2(b).